THE PEOPLE OF THE STATE OF ILLINOIS, Plaintiff-Appellee, v. RICHARD GALLAS, Defendant-Appellant.

First District (2nd Division)   No. 84—1362

Opinion filed September 10, 1985.

James J. Doherty, Public Defender, of Chicago (Georgeen M. Carson, Assistant Public Defender, of counsel), for appellant.

Richard M. Daley, State's Attorney, of Chicago (Michael E. Shabat, Donna B. More, and Nandia P. Black, Assistant State's Attorneys, of counsel), for the People.

JUSTICE HARTMAN delivered the opinion of the court:

The circuit court entered judgment on defendant's plea of guilty to a charge of burglary, but deferred sentencing pursuant to section 9 of the Dangerous Drug Abuse Act (Act) (Ill. Rev. Stat. 1983, ch. 91½, par. 120.9), now section 22 of the Alcoholism and Substance Abuse Act (Ill. Rev. Stat., 1984 Supp., ch. 111½, par. 6322), pending defendant's one-year participation in a drug rehabilitation program. Upon defendant's unsuccessful termination from such program, the court sentenced him to a three-year term of imprisonment. Defendant appeals, raising the issue of whether he should be given sentencing credit for the entire time he was enrolled in the treatment program, or only for the time he actually participated in the program.

On May 4, 1982, defendant and codefendant Mark Pawelko entered guilty pleas to charges of burglary. The court entered judgment on the pleas, but deferred sentencing and remanded defendants to Treatment Alternatives to Street Crimes (TASC), a drug rehabilitation program. Defendant was admonished that if he failed to comply with the requirements of the TASC program, he could be sentenced to a minimum term of imprisonment of three years.

At a hearing on May 11, 1984, the State sought that criminal proceedings be resumed and that defendant be sentenced, as he had failed to meet the conditions imposed by TASC. The only witness to testify was TASC representative Michael Goldman, who asserted that, pursuant to the court's order, defendant had been placed in an outpatient

drug treatment program with the Youth Service Project. Defendant was expected to complete the program and "abide by the criteria and the agreement he had signed." Defendant was placed in a "jeopardy" status as the result of two consecutive unexcused absences from the program. A second jeopardy was prompted by the same problem. Defendant's third and final jeopardy, causing his termination as unsuccessful from the program by TASC, was the result of his "repeated violation of the rules and regulations." On cross-examination, Goldman conceded that he: had never seen defendant prior to the hearing; had been on the case only five days; had never spoken to defendant's counselor; and had no personal knowledge either of the circumstances surrounding defendant's failure to keep his scheduled clinic appointments, or of the number of times defendant was scheduled to appear for treatment. Defendant was in the Youth Service Project program for 11 months.

At the conclusion of the hearing, the circuit court revoked the order remanding defendant to the TASC program, entered judgment on defendant's guilty plea, and sentenced him to a term of imprisonment of three years. Defendant appeals.

Defendant contends that the circuit court erred by denying him sentencing credit for the 11 months he spent in the drug treatment program pursuant to a deferred sentence, as well as for time he spent in custody awaiting trial. The State agrees that defendant should have received credit for the time he spent in the treatment alternative, but argues that the case should be remanded for a determination of the actual time defendant participated in the program.

Under section 9 of the Act (Ill. Rev. Stat. 1983, ch. 91½, par. 120.9), the circuit court has discretion to defer the entry of judgment of conviction of an individual determined to be an addict and to place that individual under the supervision of a licensed drug rehabilitation program. Upon the successful termination of such a program, the court is to dismiss the pending criminal proceedings. On the other hand:

> "If, before the supervisory period expires, the licensed program designated by the Commission determines that the individual cannot be further treated, it shall so advise the court. The court shall thereupon terminate the supervision, and the pending criminal proceeding may be resumed. Whenever a criminal proceeding is resumed, time spent in treatment shall be deducted from any sentence imposed." (Ill. Rev. Stat. 1983, ch. 91½, par. 120.9.)

No authority has been cited or found interpreting the foregoing provision.

Here, the court was advised of defendant's unsuccessful termina-

tion from the TASC program. No question is raised as to the propriety of the termination, or as to the notice afforded defendant of the consequences thereof. The circuit court, in imposing the three-year sentence, did not expressly take into account any time spent by defendant in the program, nor was this issue addressed at the sentencing hearing. This action contravened the mandatory language of section 9.

■ Defendant urges that the full 11 months he spent in the program should be deducted from his sentence; the State insists that the lesser amount of time reflecting his actual participation in the program should be deducted. We believe that the State's position is more consistent with the language of section 9, which affords sentencing credit for "time spent in treatment," not for time spent enrolled in a particular treatment program, regardless of whether the individual actually participates in such program.

In the case *sub judice*, it is not clear from the record as to the amount of time defendant "spent in treatment." The TASC representative at the sentencing hearing, who had no personal knowledge of defendant's participation in the treatment program, could shed little light on this issue. At the hearing, the State offered into evidence a letter to the trial judge dated March 7, 1983, from TASC case manager Deborah Maatman, generally describing defendant's treatment program and summarizing the circumstances culminating in his termination therefrom. Although providing greater detail than the TASC representative's testimony, the letter fails to set forth the amount of time defendant actually participated or did not participate in the program.

■ In view of the inadequacy of the evidence adduced at the sentencing hearing, the court on remand should consider further evidence on this issue. Moreover, pursuant to the mandate of section 5—8—7(b) of the Unified Code of Corrections, the court should also determine the amount of time defendant spent in custody awaiting trial on the instant charge, deducting this time from his sentence as well. See Ill. Rev. Stat. 1983, ch. 38, par. 1005—8—7(b).

We therefore affirm the sentence imposed by the circuit court, but remand the cause for a hearing on the issue of the amount of time defendant spent in treatment and in custody awaiting trial, deducting the aggregate time thus determined from the sentence imposed, and correcting the mittimus accordingly.

Affirmed in part; remanded in part.

STAMOS, P.J., and BILANDIC, J., concur.