Filed 7/18/08
                              NO. 4-07-0889

                      IN THE APPELLATE COURT

                           OF ILLINOIS

                         FOURTH DISTRICT

THE PEOPLE OF THE STATE OF ILLINOIS,     )    Appeal from
          Plaintiff-Appellee,            )    Circuit Court of
          v.                             )    Douglas County
CHRISTOPHER WILLIAMS,                    )    No. 06CF8
          Defendant-Appellant.           )
                                         )    Honorable
                                         )    Michael G. Carroll,
                                         )    Judge Presiding.
_____

          JUSTICE McCULLOUGH delivered the opinion of the court:

          On February 2, 2006, the State charged defendant,

Christopher Williams, with unlawful possession with intent to

deliver cannabis, a Class 3 felony (720 ILCS 550/5(d) (West

2006)) (count I), and unlawful possession of cannabis, a Class 4

felony (720 ILCS 550/4(d) (West 2006)) (count II).  On October

22, 2007, after a stipulated bench trial, the trial court con-

victed defendant on count I, unlawful possession with intent to

deliver.  The court sentenced defendant to 24 months' probation

with 60 days in jail as a condition, no presentence credit, and

payment of various fines and costs.  Defendant appeals, arguing

(1) he is entitled to two days' sentencing credit and (2) a $5-

per-day credit against his fines.  We affirm.

          On February 1, 2006, Heather Welch, an officer with the

Illinois State Police, stopped a car on Interstate 57 after a

random check showed the car's plates were suspended for lack of insurance.  During the stop, Officer Welch noticed an excessive odor of air freshener as well as a green leafy substance on the floor.  Welch called a canine unit to sniff the car.  The canine did not alert to the vehicle, but it showed a strong interest in the trunk of the vehicle.  Officer Welch completed the traffic stop and cited defendant for operation of a vehicle with suspended registration.  Welch advised the driver he was free to go and asked for consent to search the vehicle.  Defendant consented to the search, exited his car, and sat in the squad car passenger seat.

During the search, officers found cannabis scattered throughout the vehicle, and a blue plastic bag behind the speaker in the trunk containing 432 grams or approximately a pound of cannabis.  Welch read defendant his Miranda rights (Miranda v. Arizona, 384 U.S. 436, 16 L. Ed. 2d 694, 86 S. Ct. 1602 (1966)) at the scene.  Williams was held in Douglas County jail that day, February 1, 2006.  He posted bond on February 2, 2006.

Defense counsel filed a motion to suppress evidence.  After a hearing, the trial court denied it by order.  Defendant proceeded to a stipulated bench trial and was found guilty of unlawful possession with intent to deliver cannabis.  Both parties waived preparation of a presentencing report.  The State presented an agreed sentence of 24 months' probation, 60 days in

Douglas County jail, "with no days['] pre-sentence credit," a substance-abuse evaluation and treatment, and the payment of enumerated fines, costs, and fees. Defense counsel agreed the sentence included a 60-day jail term, "no credit for previous time in custody." The court agreed to the sentencing agreement and sentenced defendant consistent with the parties' agreement to 24 months' probation, 60 days in jail, "with no credit." This appeal followed.

Defendant argues the trial court failed to grant defendant credit for at least the two days of time served prior to sentencing, February 1 and 2, 2006, and also a $5-per-day credit against his fines.

The Unified Code of Corrections provides: "The offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for time spent in custody as a result of the offense for which the sentence was imposed." 730 ILCS 5/5-8-7(b) (West 2006). Although it is unclear how many days defendant spent in jail, he was in custody on February 1 and February 2, 2006. Defendant requests the cause be remanded for a hearing to determine the proper amount of sentencing credit and credit against fines.

The State argues defendant is not entitled to sentencing credit because the defendant agreed to a sentence that did not reflect credit for time served. At sentencing, the State

represented to the court that the parties had agreed to a sentence of 24 months' probation, 60 days in jail, no presentence credit, substance-abuse treatment, and a delayed sentencing judgment. Defense counsel joined in the recommendation and stated there was agreement on the sentence. The State contends that under the doctrine of invited error, defendant is not entitled to sentence credit. Defendant "'may not request to proceed in one manner and then later contend on appeal that the course of action was in error.'" People v. Harvey, 211 Ill. 2d 368, 385, 813 N.E.2d 181, 192 (2004), quoting People v. Carter, 208 Ill. 2d 309, 319, 802 N.E.2d 1185, 1190 (2003). Allowing defendant to agree to a sentence that included consideration of his presentencing credit, then on appeal get his agreed-upon sentence reduced, would be unfair. See In re Detention of Swope, 213 Ill. 2d 210, 217, 821 N.E.2d 283, 287 (2004). We agree.

Defendant received benefits in this bargain. At sentencing, the trial court stated, "[I]t's a very favorable disposition for your client [(defense counsel)], but the court is going to concur. The State's Attorney is a very diligent prosecutor and he feels this is adequate, then it's adequate for this court." The agreement not only provided for a term of probation with minimal jail time, but the State agreed to a delayed sentencing judgment, allowing defendant to begin serving his sentence two weeks after sentencing. People v. Woodard, 175 Ill. 2d

- 4 -

435, 677 N.E.2d 935 (1997), is not applicable in this case; the State did not argue defendant had forfeited the issue via procedural default.  A defendant has the right to first request sentencing credit at any time unless, as here, he agreed to forego it as part of a plea or other sentencing agreement.  See People v. Maltimore, 268 Ill. App. 3d 532, 535, 644 N.E.2d 478, 481 (1994) (a defendant who received the benefit of his bargain cannot be heard to repudiate it).

For the reasons stated, we affirm the trial court's judgment.  As part of our judgment, we grant the State its $50 statutory assessment against defendant as costs of this appeal.

Affirmed.

TURNER and STEIGMANN, JJ., concur.