2020 IL App (2d) 200252
No. 2-20-0252
Opinion filed December 14, 2020

_____

IN THE

APPELLATE COURT OF ILLINOIS

SECOND DISTRICT
_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of Winnebago County. |
| | ) | |
| Plaintiff-Appellee, | ) | |
| | ) | |
| v. | ) | No. 17-CF-3157 |
| | ) | |
| MELVIN ANTONI FORD, | ) | Honorable |
| | ) | Robert R. Wilt, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE JORGENSEN delivered the judgment of the court, with opinion.
Justices McLaren and Brennan concurred in the judgment and opinion.

**OPINION**

¶ 1    Defendant, Melvin Antoni Ford,[1] appeals from an order of the circuit court of Winnebago County denying his motion under Illinois Supreme Court Rule 472 (eff. May 17, 2019) to correct the calculation of pretrial credit in a case in which he entered into a fully negotiated plea agreement. Because the record does not establish whether the plea agreement excluded the additional credit for time served, we vacate the trial court's order and remand for further proceedings.

_____

[1] We note that defendant's appellate brief uses the name Melvin Ford-El. However, because the indictment refers to defendant as Melvin Antoni Ford, we will use that name.

¶ 2                                    I. BACKGROUND

¶ 3      On March 5, 2017, defendant called police to his residence after T.M.P., a friend's child whom defendant was babysitting, drowned in defendant's bathtub and died. Later that same day, defendant was arrested for aggravated battery of his son (case No. 17-CF-573). On December 28, 2017, defendant was indicted on one count of endangering the life of a child, in connection with T.M.P.'s death (720 ILCS 5/12C-5(a)(1) (West 2016) (case No. 17-CF-3157). Defendant was still in custody in case No. 17-CF-573 when he was indicted in case No. 17-CF-3157.

¶ 4      On March 9, 2018, defendant entered an open plea of guilty in case No. 17-CF-3157. The factual basis for the plea established that, on March 5, 2017, defendant was babysitting T.M.P., his friend's one-year-old daughter. After placing the infant in a bathtub, he went into another room to locate a diaper bag. When he returned, he discovered the infant lying face down in the water, unconscious. He called 911 and tried to resuscitate the infant. Later, medical authorities determined that the infant had drowned.

¶ 5      Pursuant to the guilty plea, the State agreed to the dismissal of case No. 17-CF-573. The court continued the matter for sentencing.

¶ 6      On the day of sentencing, the prosecutor advised the trial court that defendant had agreed to a sentence of "7 years in the Department of Corrections with 172 days credit for time served." The court asked defendant if he wished to present the "fully negotiated plea" rather than proceed to a sentencing hearing. Defendant confirmed that he wished to proceed with the plea. When the court asked him if he had spoken to his attorney about the guilty plea, defendant said yes and did not need additional time.

¶ 7      The court admonished defendant that he had a right to a sentencing hearing but that there would be no such hearing if he proceeded with the plea. The court asked defendant if he was

entering into the fully negotiated guilty plea of his own free will, and defendant said yes. When the court asked defendant if he had any questions, defendant responded, "Just for clarification, because I did speak with my attorney about it." Defendant added that he was a "tad bit confused." Defendant then stated that he had been in continuing custody since March 5, 2017, on his other case. After noting dismissal of his other case as part of the plea agreement, defendant asked if he would "receive credit for the time [he] spent in [jail] since March 5th, 2017." The court answered that he could "only receive credit legally on the case [he was] sentenced for, so that's what that is." Defendant responded "[o]kay" and that he had no other questions. The prosecutor and defense counsel did not comment on the additional-credit issue or discuss exclusion under the plea agreement. The court then accepted the plea agreement and sentenced defendant to 7 years in prison with credit for 172 days served.

¶ 8     Defendant subsequently filed an appeal. On January 9, 2020, this court granted the appellate defender's motion to withdraw and dismiss the appeal pursuant to *Anders v. California*, 386 U.S. 738 (1967). See *People v. Ford*, No. 2-19-0051 (2020) (unpublished summary order under Illinois Supreme Court Rule 23(c)).

¶ 9     On November 21, 2019, while his appeal was pending, defendant filed a motion in the trial court, pursuant to Rule 472, seeking to have the judgment corrected to include additional days of credit for the time he was in custody in case No. 17-CF-573 (March 5, 2017, through December 27, 2017). Defendant claimed that, because the conduct for which he was charged in case No. 17-CF-3157 had been committed before he was arrested on March 5, 2017, in case No. 17-CF-573, he was entitled to the additional credit under section 5-4.5-100(c) of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-100(c) (West 2016)).

¶ 10    On March 3, 2020, the State filed a motion under Rule 472, agreeing with defendant that section 5-4.5-100(c) entitled him to additional credit. On March 5, 2020, the State filed a motion to amend its Rule 472 motion to calculate the additional days.

¶ 11    On March 6, 2020, the trial court conducted a hearing on the Rule 472 motions. At the hearing, the State withdrew its motion to recalculate, explaining that the sentencing judgment correctly stated the days of credit. The court then noted that it had looked at defendant's motion and "couldn't see that there was a miscalculation." Because the court believed that the calculations were correct, it denied defendant's motion. Defendant filed this timely appeal.

¶ 12                                II. ANALYSIS

¶ 13    On appeal, defendant contends that, under section 5-4.5-100(c) of the Code, he was eligible for credit for time served in case No. 17-CF-573 because (1) the conduct for which he pled guilty in case No. 17-CF-3157 occurred before his arrest in case No. 17-CF-573, (2) he never otherwise received credit for time served in case No. 17-CF-573, and (3) the plea agreement in case No. 17-CF-3157 did not exclude such credit. The State responds that defendant is not entitled to any additional credit, because he entered into a fully negotiated guilty plea where he agreed to credit for only the 172 days served in case No. 17-CF-3157.

¶ 14    Before addressing the merits, we note that neither party has raised any issue regarding the trial court's jurisdiction under Rule 472 to consider defendant's motion. However, we have an independent duty to consider our jurisdiction, regardless of whether either party has done so. *People v. Scheurich*, 2019 IL App (4th) 160441, ¶ 17 (citing *People v. Smith*, 228 Ill. 2d 95, 104 (2008)). Filing a notice of appeal puts the cause beyond a trial court's jurisdiction—our jurisdiction attaches *instanter*. *Scheurich*, 2019 IL App (4th) 160441, ¶ 17. Accordingly, after the filing of a notice of appeal, a trial court is divested of jurisdiction to enter any additional substantive orders

in the case. *Scheurich*, 2019 IL App (4th) 160441, ¶ 17. The trial court retains the power only to (1) enforce the judgment or (2) correct clerical errors or matters of form so that the record conforms to the judgment. *People v. Flowers*, 208 Ill. 2d 291, 306-07 (2003). A ruling by a trial court in the absence of subject-matter jurisdiction is void. *Flowers*, 208 Ill. 2d at 306.

¶ 15    Here, defendant filed his Rule 472 motion while his first appeal was pending. Ordinarily, once the appeal was filed, the trial court would not have had jurisdiction to consider any request to substantively amend the judgment. However, Rule 472 provides that the trial court retains jurisdiction to correct certain sentencing errors at any time following judgment. Among the enumerated sentencing errors are those related to the "calculation of presentence custody credit." Ill. S. Ct. R. 472(a)(3) (eff. May 17, 2019). Although no case has interpreted the meaning of "calculation of presentence custody credit," that language does encompass a denied-credit claim under section 5-4.5-100(c) for "time spent in custody" (730 ILCS 5/5-4.5-100(c) (West 2016)).

¶ 16    We turn to the merits. Section 5-4.5-100(c) provides, in pertinent part, that an offender "arrested on one charge and prosecuted on another charge for conduct that occurred prior to his or her arrest shall be given credit *** for time spent in custody under the former charge not credited against another sentence." 730 ILCS 5/5-4.5-100(c) (West 2016).

¶ 17    Under the plain language of section 5-4.5-100(c), defendant was eligible to receive, in case No. 17-CF-3157, credit for the time he spent in custody in case No. 17-CF-573. The conduct for which defendant was prosecuted in case No. 17-CF-3157 occurred on March 5, 2017, before he was arrested in case No. 17-CF-573. Further, defendant never otherwise received credit for time served in case No. 17-CF-573. Thus, under section 5-4.5-100(c), he was eligible to receive credit for time spent in custody from March 5, 2017, the date of his arrest in case No. 17-CF-573, through December 27, 2017, the date he was charged in case No. 17-CF-3157.

¶ 18    However, the State maintains that, because defendant—as part of a fully negotiated plea—agreed to only 172 days of credit in case No. 17-CF-3157, he cannot now seek additional credit for time served in case No. 17-CF-573. We disagree.

¶ 19    In contending that defendant's fully negotiated plea bars his claim for additional credit for time served, the State relies on *People v. Evans*, 391 Ill. App. 3d 470 (2009), and *People v. Williams*, 384 Ill. App. 3d 415 (2008). However, under the particular facts of this case, those cases do not support the State's position.

¶ 20    In *Evans*, the defendant entered into a fully negotiated guilty plea. *Evans*, 391 Ill. App. 3d at 471. The plea agreement provided for an agreed amount of credit for time served. *Evans*, 391 Ill. App. 3d at 471. After being sentenced under the plea agreement, the defendant filed a motion for correction of credit for time served, contending that he was entitled to additional credit for when he was in out-of-state custody on the same offense. *Evans*, 391 Ill. App. 3d at 471. In denying the defendant's motion, the trial court found that (1) the parties had disputed whether the defendant was eligible for the credit for the out-of-state custody, (2) the defendant was fully aware of the dispute, and (3) the ultimate amount of credit for time served was specifically contemplated by the parties. *Evans*, 391 Ill. App. 3d at 473. The appellate court held that allowing the defendant to agree to a particular sentence, including the amount of credit for time served, only to later allow him a reduction of the agreed-upon credit would be unfair. *Evans*, 391 Ill. App. 3d at 474 (citing *Williams*, 384 Ill. App. 3d at 417). Thus, the court affirmed the dismissal of the defendant's motion for correction of time-served credit. *Evans*, 391 Ill. App. 3d at 474.

¶ 21    In *Williams*, the defendant was found guilty of unlawful possession with the intent to deliver cannabis. *Williams*, 384 Ill. App. 3d at 416. The State then presented an agreed sentence, expressly including no time for presentence credit. *Williams*, 384 Ill. App. 3d at 416. The trial

court accepted the agreement and sentenced the defendant accordingly with no credit for time served. *Williams*, 384 Ill. App. 3d at 416. On appeal, the defendant contended that he should have received two days' credit for time served. *Williams*, 384 Ill. App. 3d at 416. Relying on the invited-error doctrine, the appellate court rejected that argument. It held that it would be unfair to allow a defendant, who had agreed to a sentence that included no presentencing credit, to then on appeal ask for such credit. *Williams*, 384 Ill. App. 3d at 417. The court added that, because the defendant had received the benefit of his bargain, he could not later repudiate it. *Williams*, 384 Ill. App. 3d at 417. Thus, the court affirmed the defendant's sentence. *Williams*, 384 Ill. App. 3d at 417.

¶ 22    As in *Evans* and *Williams*, defendant here clearly agreed to a fully negotiated guilty plea that expressly provided that he would receive credit for 172 days of time served. However, unlike in *Evans* and *Williams*, it is unclear whether defendant agreed to exclude any credit for time served in case No. 17-CF-573. At sentencing, the parties noted that they had agreed to a sentence of 7 years' imprisonment with 172 days' credit for time served. In presenting those terms, neither counsel mentioned anything about credit for case No. 17-CF-573. Indeed, the subject went unraised until defendant asked the court if he was eligible for such credit. When defendant asked that question, neither counsel commented. Significantly, neither counsel remarked that the plea agreement excluded credit for case No. 17-CF-573 or that such credit was even discussed. Thus, though the plea agreement expressly included credit for time served, the record is unclear whether the parties reached an agreement about credit for case No. 17-CF-573.

¶ 23    Further, we cannot conclude that defendant himself (apart from counsel) agreed to a sentence that excluded credit for case No. 17-CF-573. In response to defendant's question—Am I eligible for credit for case No. 17-CF-573?—the court told him, without mentioning section 5-4.5-100(c), that he was entitled to credit for only case No. 17-CF-3157. In response, defendant said

okay and that he had no further questions. Again, neither the prosecutor nor defense counsel commented. Considering that defendant's counsel did not object when the court told defendant that he was not eligible for credit for case No. 17-CF-573, it is not surprising that defendant had nothing further to say. Under those circumstances, defendant's silence cannot be interpreted as an agreement to a sentence that excluded credit for case No. 17-CF-573.

¶ 24    The State also asserts that, because there was no concern that there was any "manipulation of jail credit," such as that in *People v. Revell*, 372 Ill. App. 3d 981 (2007), and *People v. Hernandez*, 345 Ill. App. 3d 163 (2004), defendant should not receive any additional credit. Neither of those cases, however, supports the State.

¶ 25    In *Revell*, the State asserted that the defendant was not entitled to additional credit under section 5-8-7(c) of the Code[2] (730 ILCS 5/5-8-7(c) (West 2004)). *Revell*, 372 Ill. App. 3d at 992. Relying on legislative history, the State argued that the purpose of the statute was to prevent the State from defeating a defendant's right to credit for presentence custody by dropping one charge in favor of another based on the same conduct. *Revell*, 372 Ill. App. 3d at 992-93. However, the appellate court, relying on the statute's plain language, held that the defendant was entitled to time-served credit from another case because the conduct for which he was being sentenced occurred before his arrest in the other case. *Revell*, 372 Ill. App. 3d at 993. In so holding, the appellate court *did not* state that the additional credit was available only in a case where the State tried to eliminate such credit or where the two cases arose out of the same conduct.

_____

[2] Section 5-8-7(c) was the former crediting statute, but its language was the same as its successor, section 5-4.5-100(c). *People v. Clark*, 2014 IL App (4th) 130331, ¶ 20 (noting that the language is identical).

¶ 26    In *Hernandez*, we held that the trial court erred in denying the defendant's motion for additional credit under section 5-8-7(c). There, we noted that the State had manipulated the defendant's liberty by allowing him to remain in custody for approximately four months without bail before finally charging him with violating his bail bond. *Hernandez*, 345 Ill. App. 3d at 170. However, we *did not* state that only in circumstances where the State manipulated a defendant's custody could a defendant receive credit under section 5-8-7(c).

¶ 27    Because neither *Revell* nor *Hernandez* limited additional credit under section 5-8-7(c) to those situations where the State has manipulated the charges to prevent the defendant from obtaining such credit, neither case supports the State. Here, even though there was no indication of manipulation by the State, defendant was eligible under the plain language of section 5-4.5-100(c) for credit for time served in case No. 17-CF-573.

¶ 28    In conclusion, had the fully negotiated guilty plea excluded any credit for time served in case No. 17-CF-573, defendant's argument would fail. However, because the record does not conclusively show that the parties agreed to exclude such credit, we vacate the trial court's denial of the Rule 472 motion. Further, we remand for the court to determine if defendant agreed to exclude the additional credit. If the defendant agreed, the court should deny defendant's Rule 472 motion. If the defendant disagreed, the court should grant defendant the appropriate time-served credit for case No. 17-CF-573.

¶ 29                                III. CONCLUSION

¶ 30    For the reasons stated, we vacate the judgment of the circuit court of Winnebago County and remand for further proceedings consistent with this order.

¶ 31    Vacated and remanded.

---

**No. 2-20-0252**

---

| | |
|---|---|
| **Cite as:** | *People v. Ford*, 2020 IL App (2d) 200252 |

---

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Winnebago County, No. 17-CF-3157; the Hon. Robert R. Wilt, Judge, presiding. |

---

| | |
|---|---|
| **Attorneys for Appellant:** | James E. Chadd and Thomas A. Lilien, of State Appellate Defender's Office, of Elgin, for appellant. |

---

| | |
|---|---|
| **Attorneys for Appellee:** | Marilyn Hite Ross, State's Attorney, of Rockford (Patrick Delfino, Edward R. Psenicka, and David S. Friedland, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |

---