NOTICE
This Order was filed under
Supreme Court Rule 23 and is
not precedent except in the
limited circumstances allowed
under Rule 23(e)(1).

2023 IL App (4th) 220552-U

NO. 4-22-0552

IN THE APPELLATE COURT

OF ILLINOIS

FOURTH DISTRICT

FILED
January 18, 2023
Carla Bender
4th District Appellate
Court, IL

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| Plaintiff-Appellee, | ) | Circuit Court of |
| v. | ) | McLean County |
| EMANUEL WELLS, | ) | No. 20CF1103 |
| Defendant-Appellant. | ) | |
| | ) | Honorable |
| | ) | J. Casey Costigan, |
| | ) | Judge Presiding. |

_____

JUSTICE CAVANAGH delivered the judgment of the court.
Presiding Justice DeArmond and Justice Doherty concurred in the judgment.

## ORDER

¶ 1    *Held*:  The trial court did not commit error by denying defendant's motion seeking additional presentence credit for time spent in home detention.

¶ 2    After the trial court sentenced defendant Emanuel Wells pursuant to the terms of a fully negotiated plea agreement, which included a provision giving defendant credit against his sentence of incarceration for time spent in presentence custody, he filed a *pro se* motion seeking additional credit for time spent in home detention while released on bond. The court denied the motion. In this appeal, defendant asserts the court erred because (1) he is entitled by statute (730 ILCS 5/5-4.5-100(b) (West 2020)) to an additional presentence custody credit of 208 days and (2) he did not explicitly agree to waive the additional credit. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4        On October 21, 2020, in the circuit court of McLean County, a grand jury indicted defendant for unlawful possession of cannabis with the intent to deliver (720 ILCS 550/5(g) (West 2020)), in addition to several other offenses. On or about December 3, 2020, defendant posted bond. The orders setting the terms of defendant's release conditioned such release on "GPS Monitoring with 24 hour Home Confinement." The trial court advised defendant other than work, church, medical appointments, and emergencies, the conditions confined him to his home and subjected him to a curfew. Over a period of several months, the court increasingly relaxed the terms of defendant's release, permitting him to go to the gym, transport his child, seek employment, and work full-time. Eventually, the court eliminated the curfew and GPS monitoring.

¶ 5        On November 5, 2021, the parties presented the trial court with a fully negotiated written plea agreement, which defendant signed. The plea agreement provided in pertinent part (1) defendant would plead guilty to the charge of unlawful possession of cannabis with the intent to deliver, (2) the State would move to dismiss the other two counts of the indictment, (3) the court would impose an agreed sentence of 6 years' incarceration, and (4) defendant would receive credit for 54 days spent in presentence custody.

¶ 6        In open court, the trial court reviewed the terms of the plea with defendant, including those described above. Upon defendant's acknowledgement of the terms as recited, the court accepted defendant's plea. Thus, the court entered judgment consistent with the agreement of the parties, imposing a 6-year term of imprisonment with credit for 54 days spent in presentence custody. In addition, the court dismissed the other counts of the indictment pursuant to the State's motion.

¶ 7        On March 31, 2022, defendant filed a *pro se* motion seeking additional credit for 166 days spent on "GPS Monitoring" prior to the trial court's imposition of his sentence. On April

12, 2022, the court denied defendant's motion, noting he "was given the correct pretrial detention credit on this case."

¶ 8 This appeal followed.

¶ 9 II. ANALYSIS

¶ 10 Defendant asserts, because he was subject to continuous GPS monitoring and could not leave his home without the trial court's authorization, he is entitled to presentence custody credit for that home detention pursuant to section 5-4.5-100(b) of the Unified Code of Corrections (Unified Code) (730 ILCS 5/5-4.5-100(b) (West 2020)). In response to the State's claim that defendant is bound by the plea agreement providing for 54 days of credit, defendant also posits the record does not demonstrate he "agreed to forgo" the additional presentence custody credit. Thus, the threshold issue is whether defendant waived his right to the additional credit.

¶ 11 A. Standard of Review

¶ 12 We utilize a *de novo* standard of review when considering whether a defendant should receive presentence custody credit against his period of incarceration. *People v. Jones*, 2015 IL App (4th) 130711, ¶ 12.

¶ 13 B. A Fully Negotiated Guilty Plea Waives the Right to Presentence Custody Credit

¶ 14 The trial court sentenced defendant on November 5, 2021. As of July 1, 2021, the pertinent statutory section provides:

"The trial court shall give credit to the defendant for time spent in home detention on the same sentencing terms as incarceration as provided in Section 5-8A-3 [of the Unified Code] (730 ILCS 5/5-8A-3 [(West 2020)]). Home detention for purposes of credit includes restrictions on liberty such as curfews restricting movement for 12 hours or more per day and electronic monitoring that restricts travel or

movement. Electronic monitoring is not required for home detention to be considered custodial for purposes of sentencing credit." 730 ILCS 5/5-4.5-100(b) (West 2020).

¶ 15 Our supreme court has long held plea agreements are governed in part by contract law principles, though with constitutionally based underpinnings reflecting concerns fundamentally different than those bearing on commercial contract disputes. *People v. Evans*, 174 Ill. 2d 320, 326 (1996). In *Evans*, which involved consolidated cases, both defendants had pleaded guilty pursuant to negotiated plea agreements providing the State would move to dismiss other charges and recommend particular sentences. *Id.* at 324. The trial courts accepted the agreements and sentenced the defendants in accordance with the negotiated dispositions, after which the defendants filed motions for reconsideration seeking to reduce their sentences. *Id.*

¶ 16 The supreme court noted the use of plea bargains is "vital to and highly desirable for our criminal justice system." *Id.* at 325. As such, the court held, "the defendants' efforts unilaterally to reduce their sentences while holding the State to its part of the bargain cannot be condoned." *Id.* at 327. Had the court held otherwise, it would have encouraged " 'gamesmanship of a most offensive nature.' " *Id.* Specifically, if a court were to permit a defendant to negotiate a favorable disposition, benefitting from the State's agreement to dismiss charges and agree to a lighter sentence than would be likely after trial or upon an open plea, and then receive a further reduction by "reneging on the agreement," the State would not be interested in negotiated agreements. *Id.* at 327-28. Such a result would be inconsistent with the policy of encouraging negotiated dispositions. *Id.* at 328.

¶ 17 The guilty plea and sentence are "material elements of the plea bargain." *Id.* at 332. Thus, if a trial court enters judgment pursuant to a negotiated guilty plea, and the defendant wishes

to challenge his sentence, he must move to withdraw the plea such that "the parties are returned to the *status quo.*" *Id.* Because the defendants in *Evans* did not do so, they were "not entitled to a reduction of [their] negotiated sentences because they had been bargained for in [their] plea agreement[s]." *Id.* at 334.

¶ 18    We have reaffirmed the foregoing principles, and held they encompass negotiated plea agreements providing for presentence credit. See *People v. Williams*, 384 Ill. App. 3d 415, 417 (2008). There, the parties presented the trial court with an agreement providing for a stipulated bench trial and an "agreed sentence" including 24 months' probation, 60 days' county jail incarceration with no presentence credit, and other specific terms. *Id.* at 416. The defendant appealed from the judgment adopting the agreement, asserting he was entitled to credit for days he served in custody prior to sentencing. *Id.* We noted the version of section 5-4.5-100(b) of the Unified Code in effect at the time provided a defendant "shall be given credit" for time held in presentence custody. *Id.* (referring to 730 ILCS 5/5-8-7(b) (West 2006)). However, defendant "received benefits in this bargain." *Id.* at 417. Thus, we held a defendant can request presentence custody credit at any time, unless "he agreed to forego [*sic*] it as part of a plea or other sentencing agreement." *Id.*

¶ 19    Shortly thereafter, we clarified it "would be unfair" to permit a defendant to agree to a specific sentence and subsequently receive a reduction from the sentence to which the parties have agreed. *People v. Evans*, 391 Ill. App. 3d 470, 474 (2009). There, the plea agreement was "fully negotiated" because it provided for a specified amount of presentence custody credit. *Id.* at 473. After the trial court sentenced defendant in conformity with that agreement, the defendant filed a *pro se* motion seeking additional presentence credit, which the court denied "because it was a negotiated term of the plea agreement." *Id.* at 471-72. We again noted trial courts are "statutorily

mandated" to give credit for the period a defendant spends in presentence incarceration. *Id.* at 472. But, because the defendant "bargained for his sentence," which provided for the precise amount of presentence credit he would receive, we found "no reason to modify the terms of defendant's negotiated plea agreement." *Id.* at 474.

¶ 20 And finally, albeit in an order entered pursuant to Illinois Supreme Court Rule 23(e)(1) (eff. Jan. 1, 2021), we recently held "a defendant may not request presentence custody credit if he agreed to forego [*sic*] it as part of a plea agreement." *People v. Getty*, 2021 IL App (4th) 200215-U, ¶ 20. Therein, a written plea agreement, filed with the court, provided for an 11-year sentence of imprisonment, which was one year less than the maximum, and presentence credit for 0 days. *Id.* ¶ 5. At the plea hearing, the trial court engaged in a colloquy with the State and the defendant concerning the presentence credit calculation, which the defendant acknowledged. *Id.* ¶ 4. The trial court sentenced the defendant consistently with the terms of the plea agreement. *Id.* ¶¶ 4-6. Subsequently, after the court mistakenly modified the mittimus in response to a motion filed by the defendant awarding presentence credit, the defendant filed a motion seeking additional presentence credit. *Id.* ¶¶ 7-10. The court found because the defendant agreed to forgo his right to presentence credit pursuant to the plea agreement, he was not entitled to such credit. *Id.* ¶ 10.

¶ 21 We affirmed and rejected the defendant's contention because he was not specifically admonished about his right to presentence credit, or the consequences of waiving it, and as such, there was no affirmative waiver of the right. *Id.* ¶ 22. Notably, the defendant provided no authority for such proposition. *Id.* Because the record demonstrated defendant entered into a plea agreement providing for a reduced sentence of incarceration with no presentence credit, we found "sufficient evidence that he waived the credit." *Id.*

¶ 22        We now reaffirm the principle that a fully negotiated guilty plea constitutes a waiver of presentence custody credit not provided for in the plea agreement.

¶ 23        C. Defendant Waived Entitlement to Additional Presentence Credit

¶ 24        Defendant repeatedly posits he is entitled to the additional credit because the record does not demonstrate or even suggest he agreed to waive the credit for the time spent on home detention.

¶ 25        Defendant signed a fully negotiated plea agreement, which provided for (1) the dismissal of two charges, (2) an agreed period of imprisonment of 6 years, and (3) presentence credit of 54 days. The trial court reviewed the terms with defendant, and defendant acknowledged he understood the terms, including that the agreement provided for the specified custodial credit. The court then entered judgment reflecting all the terms of the plea agreement and dismissed the two remaining charges.

¶ 26        The scenario here fits squarely within the principles discussed above, to wit: (1) defendant entered into a fully negotiated plea agreement providing for a specified amount of presentence credit; (2) he received the benefit of an agreed sentence of 6 years, which was the minimum, having faced a sentencing range of 6 to 30 years; (3) he benefitted from the dismissal of the two remaining charges of the indictment; and (4) the trial court sentenced defendant pursuant to the terms of the agreement. In short, because defendant bargained for a disposition providing for a specified amount of presentence credit and other significant benefits, he waived the right to any additional credit. Defendant is not entitled to renege on the agreement and receive additional presentence credit.

¶ 27        D. Amendment of the Statute

¶ 28    Defendant also contends the recent amendment to section 5-4.5-100(b) of the Unified Code (730 ILCS 5/5-4.5-100(b) (West 2020)) makes it "more likely that the parties did not realize" he was entitled to additional credit, and thus buttresses his argument.

¶ 29    However, the section has provided since June 22, 2012, that the sentencing court "shall" award credit "for time spent in home detention." 730 ILCS 5/5-4.5-100(b) (West 2012). The section's predecessor as well provided the trial court "shall" award presentence credit. See, *e.g.*, *Williams*, 384 Ill. App. 3d at 416 (the court referred to the 2006 version, cited as 730 ILCS 5/5-8-7(b) (West 2006)). Thus, it is difficult to comprehend how the addition of language further defining home detention would cause defendant to be unaware he could be entitled to presentence credit or that it is subject to waiver. But more to the point, the foregoing mandatory language has long been subject to waiver by a fully negotiated guilty plea, and the recent addition of language clarifying what constitutes home detention does not change the analysis. And lastly, the new language does not alter the contractual nature of plea agreements. Defendant cannot reap the benefit of his bargain with the State and then turn to the trial court to further sweeten the deal.

¶ 30    We find defendant waived the right to any additional presentence credit. Having done so, we do not reach any of the other issues, including whether defendant qualified for presentence credit for the period he spent on home detention.

¶ 31                        III. CONCLUSION

¶ 32    For the foregoing reasons, we affirm the trial court's judgment.

¶ 33    Affirmed.