2023 IL App (3d) 210612

Opinion filed June 29, 2023
_____

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the Circuit Court |
| | ) | of the 14th Judicial Circuit, |
| Plaintiff-Appellee, | ) | Whiteside County Illinois. |
| | ) | |
| v. | ) | Appeal No. 3-21-0612 |
| | ) | Circuit No. 19-CF-328 |
| | ) | |
| JAMES A. MALONE, | ) | The Honorable |
| | ) | Patricia Ann Senneff, |
| Defendant-Appellant. | ) | Judge, Presiding. |

_____

JUSTICE HETTEL delivered the judgment of the court, with opinion.
Presiding Justice Holdridge and Justice Davenport concurred in the judgment and opinion.

_____

**OPINION**

¶ 1 Defendant was charged with one count of armed violence, five counts of possession of a controlled substance with intent to deliver and two counts of possession of a weapon by a felon. Defendant entered into a negotiated plea with the State, pleading guilty to one count of possession of a weapon by a felon in exchange for a 10-year prison sentence, dismissal of all the other charges against him, and credit for time he served in county jail. Two weeks later, defendant filed a *pro se* motion to amend his mittimus, seeking additional credit toward his prison sentence for completing

substance abuse and behavior modification programs while in county jail. The trial court denied defendant's motion. Defendant appeals the denial of his motion. We vacate and remand.

¶ 2                                    I. BACKGROUND

¶ 3        On November 4, 2019, police executed a search warrant on a residence in Rock Falls occupied by defendant and his girlfriend. As a result of their search, police found a firearm, ammunition, and drugs, including cocaine, heroin, and Alprazolam. Police arrested defendant. The following day, the State charged defendant in an eight-count information with one count of armed violence (720 ILCS 5/33A-2(a) (West 2018)) (count I), five counts of unlawful possession of a controlled substance with intent to deliver (720 ILCS 570/401, 402 (West 2018)) (counts II, III, IV, VII and VIII), and two counts of possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2018)) (counts V and VI).

¶ 4        On October 6, 2021, the State, represented by Terry Costello, and defendant, represented by Jennifer Kelly, appeared in court. The following exchange occurred between the court, defendant, and the parties' attorneys:

"THE COURT: *** I am told by the parties that they have a fully negotiated plea agreement. Mr. Costello, if you'd state the terms of that plea agreement, please."

MR. COSTELLO: I will, Your Honor and thank you for taking this plea. The Defendant will be pleading guilty to Count 5, possession of a weapon by a felon. In exchange for that plea he'll be sentenced to ten years in the Illinois Department of Corrections, followed by one year of mandatory supervised release. He would have credit for 703 days served. He'd be assessed assessments per Criminal Schedule 1 which totals out to be $549. He would be assessed a fine of $75. He'd waive his credit against bailable offenses. He would pay a—I think they call them discretionary assessments now—conditional assessment, I'm sorry, of

2

$100 for the unlawful use or possession of a weapon by a felon. I believe that used to be called a Trauma Center Fund fee back in the day. Also, as part of the plea agreement, Your Honor, the State would be dismissing all other counts. So counts 1, 2, 3, 4, 6, 7, 8 would all be dismissed on the plea. In addition, Mr. Malone would be waiving any forfeiture—or excuse me—he'd be waiving any interest or claim that he has to $5,780 United States currency in Whiteside County Case 19 MR 150. That would be my understanding of the plea, Your Honor.

THE COURT: Ms. Kelly, is that your understanding of the plea agreement?

MS. KELLY: Your Honor, that is my understanding of the plea agreement, but for clarification of the record, I do not represent Mr. Malone in the MR case, but that is my understanding of the agreement.

THE COURT: Mr. Malone, is that your agreement?

THE DEFENDANT: Yes, sir.

THE COURT: Do you have any questions about the agreement itself?

THE DEFENDANT: No, sir."

¶ 5 Both parties agreed that the evidence would substantially show that when police executed the search warrant on defendant's home on November 4, 2019, they found defendant in a hallway near the master bedroom. They also found a loaded handgun in the master bedroom closet, which defendant admitted was his.

¶ 6 Defendant executed and filed a "Plea and Waiver" indicating that he was pleading guilty to count V of the information (possession of a weapon by a felon) and waiving his right to a trial. Defendant also signed a "Waiver of Sentencing Hearing and Pre-Sentence Report" which stated in pertinent part:

3

> "The undersigned defendant in the above entitled cause, having been found guilty on his plea of guilty heretofore entered, does hereby waive a sentencing hearing and a pre-sentence report.
>
> * * *
>
> I understand that I may waive that right because I have agreed to a negotiated sentence and know what that sentence will be."

On the same date, the State filed a motion to dismiss counts I, II, III, IV, VI, VII and VIII of the information because of the "negotiated plea to count 5." The trial court accepted and approved the terms of the plea agreement, finding defendant guilty of possession of a weapon by a felon as alleged in count V of the information, sentencing defendant to 10 years in prison followed by 1 year of mandatory supervised release (MSR), and giving defendant credit for time served of 703 days. The court also dismissed the remaining counts of the information.

¶ 7        On October 19, 2021, defendant filed a *pro se* motion to amend mittimus. In his motion, defendant alleged that he "has been in substance abuse and [r]ational [e]motive [b]ehavior therapy treatment from April 12, 2021 until October 6, 2021" in Whiteside County Jail. Defendant asserted he

> "successfully completed a full time 60 days or longer substance abuse and behavior modification course(s) provided by the county jail through Lutheran Social Services of Illinois while held in pretrial detention prior to this commitment and is eligible and shall be awarded additional sentence credit in accordance with 730 ILCS 5/3-6-3(a)(4) [(West 2020)] for a total of 177 days for substance abuse and 177 days for behavior modification."

Defendant asked the trial court to amend the mittimus to reflect additional sentence credit of 354 days.

4

¶ 8    On October 22, 2021, the parties appeared in court. Before seeking a continuance to respond to defendant's motion, the State reminded the court that "this was a fully negotiated plea." Thereafter, defendant provided to the court a letter dated October 27, 2021, from Barbara Richter of Lutheran Social Services of Illinois, which stated in pertinent part:

"Mr. Malone started participating in the Whiteside County Treatment Program on April 19, 2021 and continues to voluntarily attend and verbally participate to this date. During treatment, he has been open and appears to be honest, taking responsibility for is actions, as well as talking openly about his struggles and his desire to change his life by making better choices.

Mr. Malone has encouraged others to attend treatment and has supported them while in the program. I believe it is important to mention that Mr. Malone was informed from the start that there are no benefits for him participating in treatment. The jail program is a presentence program that is completely voluntary and offers no benefits to the individual participating other than assisting the [*sic*] with addressing substance abuse addiction (both for dealing and misusing drugs) issues and learning how to make better choices through changing their thinking.

* * *

During the course, Mr. Malone completed Anger Management, Stress Management, Criminal Thinking, Cognitive Distortions, Grief, Assertive Communication, Communicating with I Messages, Identifying Feelings/Emotions, Behavior Management Basics, Criminal and Addiction History, Healthy Lifestyles and Balance, Healthy Coping Skills, and Parenting Classes."

¶ 9     The parties appeared in court again on December 8, 2021. At that time, defendant waived his right to counsel, and the following colloquy took place between defendant, the court, and State's Attorney Costello on behalf of the State:

"THE DEFENDANT: I believe that I'm entitled to the six months that I served in the county jail for the, credits for the drug program I took in the county jail. Where on mittimus it states that if the Defendant successfully completed a [full] time, 60-day or longer substance abuse treatment that he shall be awarded additional sentences credit under the, in accordance with 730 ILCS 5[/]3[-]6[-]3.

And I believe that the six months I served was [full] time. I believe I earned those credits, and I believe that I should have been awarded that. But my attorney, she says she had no knowledge that I completed the course and I had no knowledge that this statute existed for me to receive those credits.

So, I'm asking the court that I be at least compensated the six months of good time credits that, that I feel I should receive based on serving the treatment program at Lutheran Social Services.

***

MR. COSTELLO: Your Honor, this was a negotiated disposition. The Defendant was present and agreed to the time and, at the time of the sentencing.

* * *

THE DEFENDANT: I understand he say it was a negotiated plea. I have nothing in negotiated plea states that I'm not eligible for any time credits, anything. The only thing that was in there was I waived my, my fees. I was sentenced to ten years and I get credit for the time served and he would dismiss counts.

6

There was nothing in there that stated that I was challenging, that I was not eligible. In fact, I'm not challenging the plea agreement or negotiated plea, I'm just asking for additional time credits."

¶ 10　　The court denied defendant's request to amend the mittimus to reflect additional credits finding that (1) defendant entered into "a negotiated agreement" that the court could not change and (2) it did not know whether the programs defendant completed would qualify for credit even if the court could modify the plea agreement.

¶ 11　　　　　　　　　　　　　　　　II. ANALYSIS

¶ 12　　Defendant argues that he is entitled to credit toward his negotiated sentence pursuant to section 3-6-3 of the Unified Code of Corrections (Unified Code) (730 ILCS 5/3-6-3 (West 2020)). The State responds that defendant is not entitled to any additional credit because he entered into a fully negotiated plea that did not include the credit he is now seeking.

¶ 13　　Plea agreements, especially negotiated plea agreements where the parties have agreed on the appropriate sentence, are considered contracts between the State and the defendant and are generally governed by contract law. *People v. Lenoir*, 2013 IL App (1st) 113615, ¶ 13. A defendant is entitled to have his mittimus amended to reflect additional presentence credit following a negotiated plea only when (1) he receives less credit than what he was promised (*id.* ¶¶ 12-13; *People v. Clark*, 2011 IL App (2d) 091116, ¶¶ 11-12)), or (2) he has not been awarded mandatory presentence credit (*People v. Johnson*, 401 Ill. App. 3d 678, 683-84 (2010); *People v. White*, 357 Ill. App. 3d 1070, 1073-76 (2005); *People v. Holt*, 151 Ill. App. 3d 337, 340 (1986)). Whether a mittimus should be amended is a purely legal issue subject to *de novo* review. *People v. Carlisle*, 2015 IL App (1st) 131144, ¶ 86.

7

¶ 14    Section 3-6-3(a)(1) of the Unified Code provides: "The Department of Corrections shall prescribe rules and regulations for awarding and revoking sentence credit for persons committed to the Department which shall be subject to review by the Prisoner Review Board." 730 ILCS 5/3-6-3(a)(1) (West 2020). Section 3-6-3(a)(4)(A) provides in pertinent part:

> "[T]he rules and regulations shall also provide that any prisoner who is engaged full-time in substance abuse programs, correctional industry assignments, educational programs, work-release programs ***, behavior modification programs, life skills courses, or re-entry planning provided by the Department under this paragraph (4) and satisfactorily completes the assigned program as determined by the standards of the Department, shall receive one day of sentence credit for each day in which that prisoner is engaged in the activities described in this paragraph. The rules and regulations shall also provide that sentence credit may be provided to an inmate who was held in pre-trial detention prior to his or her current commitment to the Department of Corrections and successfully completed a full-time, 60-day or longer substance abuse program, educational program, behavior modification program, life skills course, or re-entry planning provided by the county department of corrections or county jail. Calculation of this county program credit shall be done at sentencing as provided in Section 5-4.5-100 of this Code and shall be included in the sentencing order." *Id.* § 3-6-3(a)(4)(A).

Section 5-4.5-100(c-5) of the Unified Code provides: "The trial court shall give the defendant credit for successfully completing county programming while in custody prior to imposition of sentence at the rate specified in Section 3-6-3 (730 ILCS 5/3-6-3)." *Id.* § 5-4.5-100(c-5).

¶ 15    The legislature's use of the words "shall" in sections 3-6-3 and 5-4.5-100 of the Unified Code indicates that the sentence credits mentioned therein are mandatory. See *People v. Montalvo*,

8

2016 IL App (2d) 140905, ¶ 20 ("the trial court was *required* to give defendant credit for his successful completion of the anger management program at the rate specified in section 3-6-3" (emphasis added)); see also *People v. Woodard*, 175 Ill. 2d 435, 445 (1997) (sentencing provisions that "employ the word 'shall' to confer a statutory right to credit" appear to be mandatory); *People v. Scheib*, 76 Ill. 2d 244, 250 (1979) (statute providing that " '[t]he offender shall be given credit *** for time spent in custody' " requires that credit be given (emphasis omitted)); *People v. Gallas*, 136 Ill. App. 3d 482, 484-85 (1985) (finding "mandatory language" in statute providing that " 'time spent in treatment shall be deducted from any sentence imposed' ").

¶ 16        Sections 3-6-3 and 5-4.5-100 of the Unified Code place the obligation on the trial court to determine whether a defendant is eligible for sentence credit for participating in and successfully completing a full-time, 60 day or longer substance abuse program, educational program, behavior modification program, life skills course, or re-entry planning and, if so, how much sentence credit the defendant is entitled to receive. *Montalvo*, 2016 IL App (2d) 140905, ¶ 20. The Unified Code does not define what constitutes a "full-time" program, but the Illinois Administrative Code (Administrative Code) does. See *id.* ¶ 23. According to the Administrative Code, "[b]ehavioral modification, life skills, re-entry planning, self-improvement program and volunteer activity programming shall be considered full-time if they include a minimum of three-hours of programming." 20 Ill. Adm. Code 107.520(j)(1) (2022). "Substance use programming shall be considered full-time if the participant is *** [n]ormally scheduled to participate in a minimum of 15 hours of substance use programming per week." 20 Ill. Adm. Code 107.520(j)(3)(B) (2022).

¶ 17        To be entitled to sentence credit under section 3-6-3(a)(4)(A) of the Unified Code, "an offender must actively partake in the particular program on each day for which he seeks credit." *Montalvo*, 2016 IL App (2d) 140905, ¶ 24. "This interpretation is consistent with the legislative

9

intent to give sentence credit to encourage offenders to participate in rehabilitative programs." *Id.* It would be inconsistent with the statute's legislative intent to give a defendant credit for days he did not attend programming. *Id.* ¶ 26. It is also inconsistent with the legislative intent to not give a defendant credit for days he attended programming if the programming exceeds the minimums set forth in the Administrative Code of 15 hours for substance use and 3 hours for all other programs. *Id.* ¶ 27. Thus, a defendant is entitled to receive credit for the days he actually attended programming even if the program exceeds the minimum hours of participation required in the Administrative Code. See *id.* ¶¶ 22, 25, 27 (defendant granted 12 days of sentence credit for participation in 24-hour anger management program even though program exceeded minimum 15-hour requirement, which defendant could have satisfied in 8 days).

¶ 18    If a reviewing court can determine that the defendant was eligible for sentence credit under section 3-6-3(a)(4) of the Unified Code and how much credit the defendant was entitled to receive, it may amend the mittimus to reflect the proper credit. See *id.* ¶ 20; Ill. S. Ct. R. 366(a) (eff. Feb. 1, 1994). However, if it is not clear from the record the number of days the defendant spent in programming, the case should be remanded to the circuit court to consider further evidence on the issue. See *Gallas*, 136 Ill. App. 3d at 485.

¶ 19    "A defendant has the right to first request sentencing credit at any time unless *** he agreed to forego it as part of a plea or other sentencing agreement." *People v. Williams*, 384 Ill. App. 3d 415, 417 (2008). Where the record shows that the parties discussed specific sentence credits during plea negotiations and intentionally chose not to include them in the plea agreement, the defendant received what he bargained for and is not entitled to have his mittimus amended to reflect those credits. See *id.*; *People v. Evans*, 391 Ill. App. 3d 470, 474 (2009). However, where the record does not conclusively show that the parties agreed to exclude credit as part of the plea agreement,

10

the circuit court should not deny a defendant's motion to amend the mittimus to reflect the credit. See *People v. Ford*, 2020 IL App (2d) 200252, ¶ 28; *Johnson*, 401 Ill. App. 3d at 684. Instead, the circuit court must determine if the defendant agreed to exclude the credit as part of the plea negotiations. See *Ford*, 2020 IL App (2d) 200252, ¶ 28. If the court determines the defendant agreed, the court should deny the defendant's motion to amend the mittimus. See *id.* If the court determines the defendant did not agree, the court should grant the defendant's motion and award the defendant the appropriate credit. See *id.*

¶ 20 Here, defendant entered into a fully negotiated plea with the State that provided he would receive 703 days credit for time served. The record is devoid of any discussion by the parties about defendant's eligibility for credits for behavioral modification or substance use programs, pursuant to section 3-6-3(a)(4)(A) of the Unified Code. According to defendant, the credits were not discussed because he did not know the credits were available and his attorney did not know he completed any programs. Thus, this case is unlike *Williams*, 384 Ill. App. 3d at 417, and *Evans*, 391 Ill. App. 3d at 474, where the parties were aware of the credits and defendant agreed to forego them as part of the plea agreement.

¶ 21 Because the record in this case does not show that the parties agreed to exclude the sentence credit defendant is now seeking, the circuit court erred in denying defendant's motion to amend the mittimus. See *Ford*, 2020 IL App (2d) 200252, ¶ 28. Instead, the circuit court should have fulfilled its obligation under sections 3-6-3 and 5-4.5-100 of the Unified Code to determine whether the defendant was eligible for sentence credit and, if so, how much credit defendant was entitled to receive. See *Montalvo*, 2016 IL App (2d) 140905, ¶ 20.

¶ 22 Thus, we vacate the trial court's denial of defendant's motion to amend the mittimus and remand the cause to the circuit court to determine what, if any, credits defendant is entitled to for

11

his completion of behavioral modification and/or substance use programming. See *Gallas*, 136 Ill. App. 3d at 485. To be entitled to credit for behavioral modification, defendant must show that he attended a minimum of three hours of programming. See 20 Ill. Adm. Code 107.520(j)(1) (2022). To receive credit for substance use programming, defendant must show he participated "in a minimum of 15 hours of substance use programming per week." 20 Ill. Adm. Code 107.520(j)(3)(B) (2022). If defendant meets these requirements, he must also present evidence of the number of days he actively participated in each program. See *Montalvo*, 2016 IL App (2d) 140905, ¶ 24. The circuit court must then amend the mittimus to give defendant credit for each day he participated in programming. See *id.* However, if defendant fails to present evidence establishing that he participated in programming that meets the requirements of section 3-6-3(a)(4)(A) of the Unified Code and its accompanying regulations or does not present evidence of the number of days he participated in such programming, the trial court may deny defendant's mittimus.

¶ 23                                III. CONCLUSION

¶ 24        For the reasons stated, we vacate the judgment of the circuit court of Whiteside County and remand for further proceedings consistent with this opinion.

¶ 25        Vacated and remanded.

*People v. Malone*, 2023 IL App (3d) 210612

| | |
|---|---|
| **Decision Under Review:** | Appeal from the Circuit Court of Whiteside County, No. 19-CF-328; the Hon. Patricia Ann Senneff, Judge, presiding. |
| **Attorneys for Appellant:** | James E. Chadd, Thomas A. Karalis, and Anne R. Brenner, of State Appellate Defender's Office, of Ottawa, for appellant. |
| **Attorneys for Appellee:** | Terry A. Costello, State's Attorney, of Morrison (Patrick Delfino and Thomas D. Arado, of State's Attorneys Appellate Prosecutor's Office, of counsel), for the People. |