**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

2023 IL App (3d) 220224-U

Order filed August 11, 2023

IN THE

APPELLATE COURT OF ILLINOIS

THIRD DISTRICT

2023

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) ) | Appeal from the Circuit Court of the 21st Judicial Circuit, Kankakee County, Illinois, |
| Plaintiff-Appellee, | ) ) | |
| v. | ) ) | Appeal No. 3-22-0224 Circuit No. 21-CF-403 |
| | ) | |
| TYESHA BENDER, | ) ) | Honorable Kathy S. Bradshaw-Elliott, |
| Defendant-Appellant. | ) | Judge, Presiding. |

JUSTICE HETTEL delivered the judgment of the court.
Justices Peterson and Davenport concurred in the judgment.

**ORDER**

¶ 1     *Held*:   The court erred by failing to give presentence custody credit to defendant.

¶ 2     Defendant, Tyesha Bender, appeals the denial of her motion to amend the mittimus, arguing the Kankakee County circuit court erred in denying her presentence custody credit. We reverse and remand.

¶ 3                                   I. BACKGROUND

¶ 4        Defendant was taken into custody on May 30, 2021, and was charged with aggravated domestic battery (720 ILCS 5/12-3.3(a-5), (b) (West 2020)). She remained in custody until posting bail on June 23, 2021. Defendant entered a blind plea of guilty on January 19, 2022. The factual basis for the plea provided defendant choked her wife until her wife lost consciousness. On March 16, 2022, the court sentenced defendant to 60 days in jail followed by 30 months' domestic violence reporting probation. The State told the court that the 60-day sentence had to be served consecutively, and the 25 days of presentence custody credit were not credited against defendant's sentence. Defendant began serving her sentence on April 6, 2022. She did not file a motion to reconsider sentence, nor did she file a direct appeal.

¶ 5        On May 6, 2022, defendant, through her attorney, filed a motion to amend the mittimus to include her 25 days of presentence custody credit. After a hearing, the court denied the motion. Defendant appealed.

¶ 6                                    II. ANALYSIS

¶ 7        Defendant argues that the court erred by failing to give her the presentence custody credit to which she was entitled. While the State agrees that defendant was entitled to the 25 days of presentence custody credit, it argues that because the circuit court lacked jurisdiction to hear defendant's motion to amend the mittimus, we lack jurisdiction to consider defendant's appeal.

¶ 8        Illinois Supreme Court Rule 472(a)(3) (eff. May 17, 2019) states:

>        "In criminal cases, the circuit court retains jurisdiction to correct the following sentencing errors at any time following judgment and after notice to the parties, including during the pendency of an appeal, on the court's own motion, or on motion of any party: *** (3) Errors in the calculation of presentence custody credit[.]"

Therefore, as long as defendant's motion was filed within the confines of Rule 472, the circuit court retained jurisdiction to consider it. While defendant did not caption her motion as one under Rule 472, "the character of a motion is determined by its content or substance, not by the label placed on it by the movant. [Citation.] We must examine the relief sought to determine a motion's character." *People v. Patrick*, 2011 IL 111666, ¶ 34.

¶ 9　　　　Here, defendant was clearly raising an error with her presentence custody credit. Rule 472(a)(3) "does encompass a denied-credit claim." *People v. Ford*, 2020 IL App (2d) 200252, ¶ 15 (holding Rule 472 applied where the defendant was denied credit for time spent in simultaneous custody). Based on the content of the motion and the relief sought, we find defendant's motion was properly brought under Rule 472. Therefore, the circuit court had jurisdiction to consider defendant's claim, and we have jurisdiction to consider her timely appeal.

¶ 10　　　　As stated above, upon finding that we have jurisdiction, the State concedes that defendant is entitled to 25 days of presentence custody credit to be applied to the term of her probation. Section 5-4.5-100(b) of the Unified Code of Corrections (Code), provides in pertinent part,

> "[T]he offender shall be given credit on the determinate sentence or maximum term and the minimum period of imprisonment for the number of days spent in custody as a result of the offense for which the sentence was imposed. The Department shall calculate the credit at the rate specified in Section 3-6-3 (730 ILCS 5/3-6-3)." 730 ILCS 5/5-4.5-100(b) (West 2020).

¶ 11　　　　Defendant was sentenced under section 12-3.3(b) of the Criminal Code of 2012, which states, "Any order of probation *** entered following a conviction for an offense under this Section must include *** a condition that the offender serve a mandatory term of imprisonment of not less than 60 consecutive days." 720 ILCS 5/12-3.3(b) (West 2020). The State mistakenly believed that

3

this meant that defendant had to serve 60 days straight and could not receive credit for the time spent in presentence custody. However, our court has held that the circuit court must comply with the mandates relating to the specific sentence as well as section 5-4.5-100(b) of the Code. See *People v. Smith*, 2013 IL App (3d) 110477, ¶ 27.

¶ 12    In this case, the court complied with the mandate of section 12-3.3(b) of the Criminal Code of 2012 by sentencing defendant to the required 60-day term of imprisonment. See *id.* However, it did not comply with section 5-4.5-100(b) of the Code, which requires the imposition of presentence custody credit except in limited circumstances not found here. See *id.* Therefore, defendant was entitled to 25 days of credit under section 5-4.5-100(b). *People v. Smith*, 258 Ill. App. 3d 261, 267 (1994) ("A defendant held in custody for any part of the day should be given credit against his sentence for that day."). Because the circuit court had jurisdiction to hear defendant's motion and defendant was entitled to 25 days of presentence custody credit, we reverse the denial of her motion and remand for the court to amend the mittimus to show application of the credit toward defendant's term of probation.

¶ 13                        III. CONCLUSION

¶ 14    The judgment of the circuit court of Kankakee County is reversed and remanded.

¶ 15    Reversed and remanded.