2025 IL App (1st) 240527-U

No. 1-24-0527

Order filed July 23, 2025

Third Division

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) ) | Appeal from the Circuit Court of |
| Plaintiff-Appellee, | ) ) | Cook County. |
| v. | ) ) | No. 22 CR 11962 |
| DEVON GIBSON, | ) ) | Honorable Michael Joseph Kane, |
| Defendant-Appellant. | ) | Judge, presiding. |

_____

PRESIDING JUSTICE LAMPKIN delivered the judgment of the court.
Justices Reyes and Martin concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Defendant, who pled guilty pursuant to a fully negotiated plea agreement, was not entitled to additional sentence credit for completing a behavior modification program prior to pleading guilty.

¶ 2    In August 2023, defendant Devon Gibson, as part of a fully negotiated plea agreement, pled guilty to aggravated unlawful use of a weapon (720 ILCS 5/24-1.6(a)(1) (West 2022)). The trial court sentenced him to six years' imprisonment to be served at 50%, with credit for 318 days

of time served. In January 2024, defendant filed a motion for correction of time credit, which the trial court denied.

¶ 3 On appeal, defendant argues that he is entitled to (1) an additional 25 days' sentence credit for completing the Recipe for Change program, and (2) a new hearing on his motion so that the trial court can determine whether any of the other programs he completed prior to pleading guilty fulfill the statutory requirements for a sentence credit.

¶ 4 For the reasons that follow, we affirm the judgment of the circuit court.[1]

¶ 5                                              I. BACKGROUND

¶ 6 On October 1, 2022, defendant and codefendant Dondre Brown were taken into custody for possession of a loaded machine gun. Defendant was indicted on four counts: one count of unlawful use of a weapon—machine gun, two counts of aggravated unlawful use of a weapon by a felon, and one count of unlawful use or possession of a weapon by a felon.

¶ 7 On August 18, 2023, defendant requested a conference pursuant to Illinois Supreme Court Rule 402 (eff. July 1, 2012). The State made defendant an offer to plead guilty. The key terms of the agreement were that (1) defendant would plead guilty to count two, aggravated unlawful use of a weapon, a Class 2 felony, where the possible sentence was 3 to 14 years and the potential fine was $25,000, (2) he would receive a sentence of 6 years' imprisonment to be served at 50%, (3) he would receive credit for 318 days in custody, and (4) count one, unlawful use of a weapon–machine gun, a Class X felony, would be dismissed with the other two remaining counts. Defendant accepted the State's offer.

---

[1]In adherence with the requirements of Illinois Supreme Court Rule 352(a) (eff. July 1, 2018), this appeal has been resolved without oral argument upon the entry of a separate written order.

¶ 8    Before defendant pled guilty, the court asked how many days of credit defendant had, and defendant's counsel responded that defendant has a "total credit of *** 318 actual days" but was asking if the court "would write on the mittimus that he did 210 of those [days] in [the] Recipe for Change [program]." The following occurred.

"THE COURT: Okay. Here is how this works. You have to have documentation that you did a program, and then it's a recommendation, but it's not binding on them. And, actually, they don't like me to give them a recommendation. But what they will do is look at what you have and decide on their own whether or not you are to get credit for that. That's beyond my jurisdiction. Do you understand that?

THE DEFENDANT: Yes.

THE COURT: Okay. But you do need something from the jail that shows what you did. There is a certificate, there is a document, there [are] people who keep track of those things down there. I can't create that for you. Do you understand?

THE DEFENDANT: Yes.

THE COURT: Okay. I will mark on my mittimus that you did something in the jail, but it's not going to be anything in the document that's going to Joliet. Okay?

THE DEFENDANT: Okay.

THE COURT: All right. So six years, 318 days time considered served, time actually served. Is that the agreement, Mr. Gibson?

THE DEFENDANT: Yes.

THE COURT: Okay. As to Count 2, then, charging you with the offense on October 1, 2022, of aggravated unlawful use of a weapon, how do you plead, guilty or not guilty?

THE DEFENDANT: Guilty."

¶ 9    Then, the trial court confirmed that defendant understood the nature of the charges against him and the possible penalties that could be imposed. The trial court heard the factual basis for the plea,[2] accepted the plea, and found defendant guilty of aggravated unlawful use of a weapon. The parties made statements concerning aggravation and mitigation evidence, and the trial court accepted defendant's knowing waiver of the presentence report. Defendant declined the opportunity to address the court, and the State confirmed that codefendant Brown had received a six-year prison term after pleading guilty. Then, the following occurred.

"THE COURT: All right. Based on the agreement reached by the public defender and Mr. Gibson with the Cook County State's Attorney's Office, the defendant is sentenced to a period of incarceration, six years in the Illinois Department of Corrections. He's to receive credit for 318 days. If he has evidence and documentation with regards to any programs he was in, I will add that to the mittimus or I will send that down once they are provided to me.

Do you understand that?

MR. RUFFIN [(DEFENSE ATTORNEY)]: Yes."

¶ 10    On January 24, 2024, defendant filed a *pro se* motion to correct his mittimus pursuant to Illinois Supreme Court Rule 472(a)(3) (eff. May 17, 2019) with transcripts and certificates from

---

[2]The factual basis for the plea was as follows: three Chicago police officers, Clark, Roberson and Wilson, were on patrol in full uniform in an unmarked squad car when they observed a gray Infiniti parked outside a liquor store without a front license plate. They approached the vehicle and observed through the windshield defendant sitting in the back seat frantically reaching toward the floorboard. Officers Clark and Wilson approached the vehicle, opened the doors and observed in plain view a Glock 22 .40 caliber firearm with a 50-round drum inserted inside of the weapon. The weapon had a switch making it fully automatic.

the Edovo and Recipe for Change courses attached. The certificate for the Recipe for Change program established that the program complies with the sentence credit requirements of section 3-6-3(a)(4) of the Unified Code of Corrections (730 ILCS 5/3-6-3(a)(4) (West 2022)) and Section 107.145 of Title 20 of the Illinois Administrative Code (20 Ill. Adm. Code 107.145 (2022)) and that defendant participated in that program for 25 days.

¶ 11    On January 31, 2024, the trial court denied the motion, stating "No credit for [Edovo] programs." Defendant was not present at the hearing. On February 27, 2024, defendant wrote the court, asking to be "remanded" to be present for his motion to be heard. On March 8, 2024, the court again denied the motion, stating "No credit is given for [Edovo] programs." Defendant was not present at the hearing. Defendant timely appealed.

¶ 12                                    II. ANALYSIS

¶ 13    Defendant asks this court to amend the mittimus and award him 25 additional days of sentence credit for his participation in the Recipe for Change program while he was in custody prior to his plea agreement. In addition, defendant asks that this case be remanded for the trial court to determine whether the Edovo programs he completed prior to pleading guilty fulfill the statutory requirements for additional sentence credit.

¶ 14    The State argues that the disposition of this appeal is controlled by *People v. Wells*, 2024 IL 129402, and defendant is not entitled to any additional credit to his sentence because he entered into a fully negotiated plea, which explicitly included an amount of days for which he would receive credit and which represents a complete and final expression of the parties' agreement.

¶ 15    "[P]lea agreements are governed to some extent by contract law principles." *Id.* ¶ 21. " 'A plea agreement results when the prosecutor and the defendant exchange promises to perform or

refrain from performing specified actions.' " *Id.* (quoting *People v. Navarroli*, 121 Ill. 2d 516, 521 (1988)). The construction of a contract presents a legal issue this court reviews *de novo*. *Id*.

¶ 16    In *Wells*, the defendant entered into a fully negotiated plea agreement with the State. *Id.* ¶ 1. The key terms of the agreement were that (1) the defendant would plead guilty to one count of unlawful possession of cannabis with the intent to deliver, (2) the State would dismiss the remaining counts, (3) the defendant would receive the minimum six-year sentence, (4) the defendant would pay a $100,000 street value fine, and (5) the defendant would receive credit for the 54 days he had spent in custody. *Id.* ¶¶ 7-8. The defendant pled guilty and then sometime later filed a motion to receive credit for time he spent on home detention prior to his guilty plea. *Id.* ¶ 9. The trial court denied the motion (*id.*), and the appellate court affirmed, holding that "a fully negotiated guilty plea constitutes a waiver of presentence custody credit not provided for in the plea agreement" (*People v. Wells*, 2023 IL App (4th) 220552-U, ¶ 22). Our supreme court granted the defendant's petition for leave to appeal. *Wells*, 2024 IL 129402, ¶¶ 1, 12.

¶ 17    Defendant Wells argued that he was entitled to statutory credit for the 208 days he spent on home detention. *Id.* ¶ 19. The State agreed that, the plea agreement aside, the defendant would be entitled to an additional credit of 127 days for the time spent on home detention. *Id.* However, our supreme court stated that the dispositive issue was whether the defendant agreed to forgo his right to credit for the time he spent on home detention by entering into a fully negotiated guilty plea that granted him 54 days of credit. *Id.* The court affirmed the dismissal of the defendant's motion for sentence credit, holding that "where a fully negotiated plea deal represents a complete and final expression of the parties' agreement, a presumption arises that every material right and obligation is included and neither party may unilaterally seek modification of the agreement." *Id.*

¶ 24; see *People v. Whitfield*, 217 Ill. 2d 177, 190 (2005) ("[W]hen a defendant enters a negotiated plea of guilty in exchange for specified benefits, such as the dismissal of certain counts or the promise of a certain sentence or sentencing recommendation, *both the State and the defendant must be bound by the terms of the agreement*." (Emphasis in original.)).

¶ 18     The defendant in *Wells* argued it was an "oversight" or an "uninduced mistake" that led him to forgo that credit. *Id.* ¶¶ 26-27. Our supreme court held that even if that were true, a defendant "cannot unilaterally seek to modify the credit term of the agreement." *Id.* ¶ 27. A defendant's only recourse would be to allege the guilty plea was not made voluntarily and with full knowledge of the consequences. *Id.*

¶ 19     *Wells* is similar to the instant case. Here, the State agrees that, plea agreement aside, the Recipe for Change program would entitle defendant to 25 days of sentencing credit. However, the dispositive issue is whether defendant agreed to forgo his right to this credit when he entered into a fully negotiated plea agreement, which was silent as to credit for the Recipe for Change program. Although the Recipe for Change program permits sentencing credit, the documentation with the actual credit amount was not included in the plea agreement and, thus, defendant is not entitled to receive it. The presumption runs in favor of enforcing the specific terms of the plea deal as a complete and final expression of the parties' agreement. *Id.* ¶ 24. Like the defendant in *Wells*, defendant waived the right to the statutory credit by entering into a fully negotiated plea agreement that provided for 318 days of credit. Defendant is now foreclosed from unilaterally modifying the credit term of the agreement by requesting additional days of credit. Just as in *Wells*, "a waiver is the 'intentional relinquishment of a known right.' " *Id.* ¶ 25 (quoting *Home Insurance Co. v. Cincinnati Insurance Co.*, 213 IL 2d 307, 326 (2004)).

¶ 20    Defendant argues that *Wells* is distinguishable because defense counsel here apprised the court of the possible credit due to defendant and the trial court made note of it. According to defendant, he did not waive his right to receive credit for the Recipe for Change program he attended because the record shows that the parties contemplated that the credit for that program would be part of the plea, contingent upon defendant providing the court with the required documentation. We disagree. In *Wells*, the court found waiver where the plea agreement was silent about credit for the time the defendant spent on home detention. Similarly here, the plea agreement is silent about credit for the time defendant spent in the Recipe for Change program. Apprising the trial court of potential credit does not distinguish the holding of *Wells* where defendant relinquished a known right. Defendant accepted the plea, from which he clearly benefitted; thus, he cannot now seek to modify the credit term of the agreement. Moreover, defendant here, just as in *Wells*, has not attempted to invalidate the plea. Instead, he seeks to maintain the benefit of the plea agreement—the dismissal of charges and a minimum sentence served at 50%—while increasing the amount of credit he receives. *Wells* prohibits this.

¶ 21    The parties here intended for defendant to receive exactly 318 days of credit because that was a clear and unambiguous term of the agreement. The fully negotiated plea agreement encompassed all relevant considerations, and the parties expected the trial court to immediately enter a final judgment consistent with the terms of the agreement. Thus, the parties are bound by the terms of the agreement. Defendant is not entitled to additional credit not included in the agreement. See *Wells*, 2024 IL 129402, ¶ 24.

¶ 22    Although defendant here does not allege a mutual mistake, the *Wells* court recognized that " 'contracting parties' mutual mistake may be rectified by recourse to contract reformation

[citation], where they are in actual agreement and their true intent may be discerned.' " *Id.* ¶ 26 (quoting *People v. Donelson*, 2013 IL 113603, ¶ 20). While defendant may have hoped the trial court would somehow revisit his sentence once he had proper documentation, this was not possible because the plea agreement was final and the parties are bound by the terms. There was no mutual mistake.

¶ 23    To support his claim for sentence credit, defendant cites *People v. Malone*, 2023 IL App (3d) 210612, ¶ 19, which held that the circuit court should not deny a defendant's motion to amend the mittimus to reflect credit where the record does not conclusively show that the parties agreed to exclude credit as part of the plea agreement. However, our supreme court overruled *Malone* in *Wells*. *Wells*, 2024 IL 129402, ¶ 28.

¶ 24    Also, defendant cites as persuasive authority *People v. Scheurich*, 2024 IL App (5th) 230357-U. However, *Scheurich* is distinguishable because it did not involve a fully negotiated guilty plea. In *Scheurich*, the defendant entered a negotiated plea of guilty solely as to charging— there was no agreement on sentencing. *Id.* ¶ 19. With this type of plea, a defendant may plead guilty in exchange for the State's agreement to dismiss certain charges or reduce the original charge to a lesser offense. *Id.* ¶ 16. However, the plea negotiations do not include any agreement between the State and the defendant with regard to sentencing. *Id*. Here, in contrast, defendant entered into a fully negotiated plea. Just as in *Wells*, the biggest benefit to defendant in taking this plea was the dismissal of the remaining counts, one of which was a Class X felony with a possible sentence of 6 to 30 years. See 730 ILCS 5/5-4.5-25(a) (West 2022).

¶ 25    We conclude that the parties entered into a complete and final plea agreement that unambiguously provided defendant with a credit of 318 days for time served. We decline defendant's invitation to unilaterally modify the agreement by adding 25 days of credit.

¶ 26    Next, defendant argues that this court should remand this case for the trial court to determine whether he is entitled to additional credit for his participation in the Edovo programs completed prior to his guilty plea. Defendant contends the Edovo programs encompass areas of learning that are often found eligible for sentence credit.

¶ 27    As discussed above, this argument fails because defendant entered into a fully negotiated guilty plea. Thus, he may not "unilaterally seek to modify the credit term of the agreement." *Wells*, 2024 IL 129402, ¶ 27.

¶ 28                                III. CONCLUSION

¶ 29    We conclude that the trial court properly denied defendant's motion that sought to unilaterally modify the complete and final plea agreement, which unambiguously provided him with a credit of 318 days for time served, by adding credit. We also deny defendant's request to remand this case for a determination of whether he is entitled to any additional credit.

¶ 30    For the foregoing reasons, we affirm the judgment of the circuit court.

¶ 31    Affirmed.