NOTICE

Decision filed 11/26/25. The text of this decision may be changed or corrected prior to the filing of a Petition for Rehearing or the disposition of the same.

2025 IL App (5th) 240499-U

NOS. 5-24-0499, 5-24-0500, 5-24-0501,

5-24-0502, 5-24-0503 cons.

NOTICE

This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE

APPELLATE COURT OF ILLINOIS

FIFTH DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Madison County. |
| | ) | |
| v. | ) | Nos. 18-CF-1244, 18-CF-1871, |
| | ) | 20-CF-2545, 21-CF-771, |
| BILLY CLARK, | ) | 22-CF-233 |
| | ) | Honorable Timothy D. Berkley, |
| Defendant-Appellant. | ) | Judge, presiding. |

JUSTICE VAUGHAN delivered the judgment of the court.
Justices Boie and Sholar concurred in the judgment.

**ORDER**

¶ 1    *Held*:   The trial court had jurisdiction to consider defendant's motion requesting additional sentencing credit despite the motion requesting an order *nunc pro tunc*.

¶ 2    Defendant, Billy Clark, appeals the trial court's order denying his request to recalculate his time served. For the following reasons, we reverse and remand.

¶ 3                                I. BACKGROUND

¶ 4    On March 21, 2022, defendant pled guilty to offenses relating to motor vehicles (625 ILCS 5/4-103(a)(1) (West 2018)) in case No. 18-CF-1244, offenses relating to motor vehicles (*id.*) in case No. 18-CF-1871, burglary (720 ILCS 5/19-1(a) (West 2020)) in case No. 20-CF-2545, offenses relating to a motor vehicle (625 ILCS 5/4-103(a)(1) (West 2020)) in case No. 21-CF-771,

and offenses relating to a motor vehicle (625 ILCS 5/4-103(a)(1) (West 2022)) in case No. 22-CF-233. In exchange for his plea, defendant was to be sentenced to 15 years' imprisonment for each offense to be served at 50% and to be served concurrently with each other, the remaining charges in those cases would be dismissed, and case Nos. 18-CF-2647, 19-CF-1557, 19-CF-1879, 21-CF-1774, and 21-CF-2174 would be dismissed.

¶ 5       During the plea hearing, the State informed the trial court of the specific offenses to which defendant would plead guilty and the agreed sentence for the offenses. The court confirmed that the sentences were to be served concurrently to each other and to a sentence imposed in a St. Clair County case. It then stated, "And he's going to get credit for time served and everybody agrees that the mittimus will be stayed for three weeks, is that correct?" Both parties agreed. The court asked defendant if he understood the terms of the agreement, and he answered affirmatively. After the State provided the factual basis for each count and the court admonished defendant of his rights, the court accepted defendant's plea. Upon the court's questioning, defense counsel and the State waived the presentence investigation report and stipulated to defendant's prior criminal history.

¶ 6       The trial court sentenced defendant to 15 years' imprisonment to be served at 50% for each charge, all to run concurrently with each other and defendant's sentence in a St. Clair County case. The court also stated, "You will receive credit for all time served as set forth on the blue sheet." The court asked if the sentence was what defendant expected, and he answered affirmatively.

¶ 7       The same day as the plea hearing on March 21, 2022, a form document titled "CREDIT FOR TIME SERVED" was filed in each case. The document listed the amount of credit for time served as 171 days for August 20, 2018, to February 6, 2019, 281 days for June 18, 2019, to March 24, 2020, 179 days for July 18, 2021, to January 13, 2022, and 56 days for January 25, 2022, to March 21, 2022. It listed the total number of days of credit for time served as 687. Thereafter, the

2

document stated, "THESE DAYS HAVE BEEN DETERMINED AND SIGNED AS CORRECT BY COUNSEL BEFORE MITTIMUS ISSUE." Below that was a spot for the state's attorney and defense counsel to sign; however, only the state's attorney signed in the proper spot. The last full paragraph of the document stated:

"DEFENDANT READ CAREFULLY BEFORE SIGNING

I HAVE READ THIS DOCUMENT AND ACKNOWLEDGE THAT I HAVE RECEIVED CREDIT FOR ALL TIME SERVED REGARDING THIS MATTER BEFORE THE COURT."

Below this paragraph was a line for defendant to sign his name; however, defense counsel signed in defendant's spot. Defendant did not sign the paper. The document was also signed by the judge.

¶ 8 The written judgment order filed in each case stated that the trial court entered judgment of 15 years' imprisonment with one-year mandatory supervised release. It further stated that defendant was entitled to receive credit for time served in custody from August 20, 2018, to February 6, 2019, from June 18, 2019, to March 24, 2020, from July 18, 2021, to January 13, 2022, and from January 25, 2022, to the date of the judgment. The order further noted that the sentence was to run concurrent with case Nos. 18-CF-1871, 20-CF-2545, 21-CF-771, and 22-CF-233.

¶ 9 On June 21, 2022, the trial court entered an amended judgment, increasing the credit for time served to total 772 days. The amended judgment provided that defendant received credit for time served from August 20, 2018, to February 6, 2019, from June 18, 2019, to March 24, 2020, from July 18, 2021, to January 13, 2022, and from January 25, 2022, to the date of the amended judgment.

¶ 10 Defendant did not file a postplea motion or a direct appeal. However, on November 15, 2023, defendant filed a motion for order *nunc pro tunc*. The motion asserted the credit for time

served was incorrect where the trial court did not give defendant credit for his work as a trustee while in jail that defendant was entitled to receive pursuant to section 5-4.5-100 of the Unified Code of Corrections (Code) (730 ILCS 5/5-4.5-100 (West 2022)). The motion requested the court issue an order *nunc pro tunc* indicating defendant receive credit for 545 days spent in the Madison County jail prior to sentencing.

¶ 11 On December 12, 2023, the trial court filed an order dismissing defendant's motion for order *nunc pro tunc* for lack of subject matter jurisdiction. The trial court found that defendant's motion was essentially a request to amend the mittimus, which the court lacked jurisdiction to consider 30 days after the entry of the judgment. The order further noted that nothing in the order foreclosed defendant's ability to request the Director of Corrections award earned sentencing credit under section 3-6-3 of the Code (730 ILCS 5/3-6-3 (West Supp. 2023)).

¶ 12 On February 12, 2024, defendant filed a second motion for order *nunc pro tunc*. The motion again argued that pursuant to section 5-4.5-100 of the Code (730 ILCS 5/5-4.5-100 (West 2024)) defendant was entitled to 1,071 days credit for time served. The motion requested the trial court issue an order *nunc pro tunc* indicating defendant would receive credit for 774 days spent in the Madison County jail prior to sentencing. Attached to the petition were documents from the Madison County Sheriff's Office, confirming defendant's incarceration information and work as a trustee during his jail time. Correspondence from Captain Jerry Endicott, included in that documentation, stated that defendant worked a total of 297 days as a trustee over the time period of August 21, 2018, to January 14, 2022.

¶ 13 On February 21, 2024, the trial court filed an order again dismissing defendant's motion for an order *nunc pro tunc* for lack of jurisdiction. The court noted that defendant should seek relief from the director of the Department of Corrections under section 3-6-3 of the Code (730 ILCS 5/3-

4

6-3 (West Supp. 2023)). It further noted that defendant should "take heed of this court having twice dismissed the defendant's motions for additional pretrial custody credit," stating that the director of the Department of Corrections would conduct a hearing to revoke up to 180 days of sentence credit if the court made a specific finding that a filing was frivolous. This court granted defendant leave to file a late notice of appeal on July 9, 2024.

¶ 14                                    II. ANALYSIS

¶ 15    On appeal, defendant argues that the trial court erred in dismissing his motion requesting additional credit for time served for lack of jurisdiction and requests this court remand for a hearing on his motion. The State agrees that the trial court had jurisdiction to consider defendant's request for additional credit but argues that the trial court properly denied the motion because defendant was precluded from seeking further sentencing credit where the credit for time served was a term of the plea agreement.

¶ 16    "Because decisions issued without subject matter jurisdiction are void, this court has an independent duty to ensure that the trial court and this court have jurisdiction over a case." *People v. Arriaga*, 2023 IL App (5th) 220076, ¶ 12. The appellate court has no jurisdictional authority to consider the merits of an appeal from a void order. See *People v. Flowers*, 208 Ill. 2d 291, 307 (2003).

¶ 17    "Normally, the authority of a trial court to alter a sentence terminates *** 30 days" following the entry of a final judgment. *Id.* at 303. However, the trial court possesses the continuing power to enforce the judgment or correct "clerical errors or matters of form so that the record conformed to the judgment actually rendered." *Id.* at 306-07. *Nunc pro tunc* orders are a means to allow the trial court to correct the record to reflect that which was previously done. *People v. Adams*, 144 Ill. 2d 381, 394 (1991).

5

¶ 18    Defendant here designated his motion as a motion for a *nunc pro tunc* order. However, the substance of the motion did not request the court to correct the record to reflect what the court previously ordered. Rather, the motion alleged the trial court's presentence custody credit determination was incorrect. As such, defendant improperly utilized a motion for a *nunc pro tunc* order to request modification of the sentencing order. See *People v. Coleman*, 2017 IL App (4th) 160770, ¶ 22. Previously, these circumstances would have required dismissal of defendant's appeal for lack of jurisdiction. See *People v. Scheurich*, 2019 IL App (4th) 160441, ¶ 22; *People v. Blancas*, 2019 IL App (1st) 171127, ¶ 17.

¶ 19    However, effective March 1, 2019, Illinois Supreme Court Rule 472 provides the trial court with retained jurisdiction to correct—*inter alia*—"[e]rrors in the calculation of presentence custody credit" on the court's own motion or on the motion of any party. Ill. S. Ct. R. 472(a)(3) (eff. Mar. 1, 2019). While defendant's motion did not refer to Rule 472, the rule nevertheless afforded the court jurisdiction to determine the issue. *Id.*; see *People v. Wells*, 2024 IL 129402, ¶ 16 (finding defendant's sentencing credit argument not forfeited and addressing such argument although defendant titled his motion as a motion for a *nunc pro tunc* order rather than a motion under Rule 472). Therefore, the trial court erred in holding that it lacked jurisdiction to consider defendant's motion requesting additional sentencing credit.

¶ 20    Because the trial court did not address the motion on the merits, the parties raise arguments on appeal that were never presented to or developed in the trial court. Also, as defendant admits, the record is unclear as to the precise amount of additional credit defendant sought. "The limited record, including a *** lack of findings by the circuit court, precludes us from a definitive determination of whether defendant is entitled to sentencing credit ***." *People v. Scheurich*, 2024 IL App (5th) 230357-U, ¶ 25. We therefore remand for the trial court to timely consider

defendant's request for additional credit for time served and the parties' argument related thereto. See *id.*

¶ 21                                    III. CONCLUSION

¶ 22    The trial court erred in dismissing defendant's motion requesting additional credit for time served. We remand for a hearing on defendant's motion requesting additional sentence credit where the parties can present their respective arguments.


¶ 23    Reversed and remanded.